UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:25-cv-00280

**Kimberly Banfield Foreman,**
*Plaintiff,*

v.

**Bank of America, N.A., et al.,**
*Defendants.*

# ORDER

Plaintiff filed this action seeking equitable relief concerning the securitization of her mortgage. Doc. 1. The case was referred to a magistrate judge. Defendant Bank of America then filed a motion to dismiss. Doc. 6. The magistrate judge issued a report recommending that defendant's motion be granted and that the complaint be dismissed for failure to state a claim. Doc. 14 at 4. Thereafter, plaintiff filed a motion to dismiss without prejudice for lack of subject-matter jurisdiction. The court construes that motion as an objection to the report.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The report recommends dismissal because plaintiff does not identify a statutory basis for seeking relief. Rather, plaintiff asserts an unrecognized entitlement to relief in equity. As such, the complaint failed to allege facts showing that plaintiff has standing to challenge the securitization of her mortgage. *See Sigaran v. U.S. Bank Nat'l Ass'n*, 560 F. App'x 410, 413 (5th Cir. 2014) (per curiam) (unpublished) (holding that the plaintiffs lacked standing to challenge the assignment of a mortgage where the plaintiffs did not allege that they were third-party beneficiaries).

The objections state that plaintiff seeks a voluntary dismissal without prejudice pursuant to Fed. R. Civ. P. 41(a)(2) due to an alleged lack of subject-matter jurisdiction. Plaintiff now prefers to proceed in state court, but the objections do not allege facts showing that the parties are citizens of the same state or that the amount in controversy is deficient. In other words, plaintiff has not shown that this court lacks subject-matter jurisdiction. As such, dismissal for lack of jurisdiction is not appropriate.

Having reviewed the magistrate judge's report de novo, and being satisfied that it contains no error, the court accepts the report's findings and recommendations. The court grants defendant's motion to dismiss (Doc. 6) and dismisses this action with prejudice. *See Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001) (per curiam) (stating that where defending party establishes that plaintiff has no cause of action, the defense generally inures to the benefit of a non-appearing co-defendant). Any pending motions are denied as moot.

*So ordered by the court on December 17, 2025.*

J. CAMPBELL BARKER
United States District Judge